## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| AMANDA KRZYZANOWSKI, individually, and on behalf of all others similarly situated, | ) ) ) ) | |
| | ) | Case No. |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | |
| | ) | |
| BRUNCH, LTD., BNL ST. CHARLES CORP. d/b/a BRUNCH CAFE – ST. CHARLES, ANDREW ZATOS, and TED ZATOS. | ) ) ) ) | |
| | ) | |
| **Defendants.** | ) | |

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff Amanda Krzyzanowski ("Krzyzanowski" or "Representative Plaintiff"), individually and on behalf of all other similarly situated employees, by and through her undersigned counsel, brings claims as a Collective Action under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and as a Class Action under Rule 23 of the Federal Rules of Civil Procedure and in accordance with the Illinois Minimum Wage Law, 820 ILCS 105/, *et seq.* ("IMWL"), against Brunch, Ltd., BNL St. Charles Corp. d/b/a Brunch Cafe – St. Charles (collectively, "Brunch"), Andrew Zatos, and Ted Zatos (collectively, "Defendants"), and alleges, upon personal belief as to herself and her own acts, and as for all other matters, upon information and belief, and based upon the investigation made by her counsel, as follows:

### NATURE OF THE ACTION

1.      Krzyzanowski brings this action to redress Defendants' violations of the FLSA and the IMWL on behalf of herself and others who currently or formerly worked as hourly paid, non-

exempt servers performing similar responsibilities for the Defendants at any time during the three years immediately preceding the filing of this complaint.

## JURISDICTION AND VENUE

2.      This Court has subject-matter jurisdiction over this action under 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction." The Representative Plaintiff has signed an opt-in consent form to join this lawsuit. *See* Exhibit A.

3.      This Court has federal question jurisdiction over Representative Plaintiff's claims under 28 U.S.C § 1331 because Plaintiff's claims arise under the FLSA.

4.      This Court has supplemental jurisdiction over Representative Plaintiff's IMWL claims under 28 U.S.C. § 1367.

5.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendants do business within this District. In addition, a substantial part of the events and omissions giving rise to the claims pleaded in this Complaint occurred within this District.

## THE PARTIES

6.      Representative Plaintiff Amanda Krzyzanowski is an adult citizen of the state of Illinois who resides in Kane County. At all relevant times, excluding a three-month period from April through June 2017 in which she worked as a host, Krzyzanowski worked as an hourly-paid, non-exempt server for Defendants at their restaurant located at 172 S. First Street, St. Charles, Illinois, during the applicable statute of limitations period.

7.      Krzyzanowski, like those she represents, was a "tipped employee" of Defendants as defined by the FLSA, 29 U.S.C. § 203(e) and IMWL, 820 ILCS 105/3(d). The Representative Plaintiff and those she seeks to represent all shared similar job titles, training, compensation plans,

job descriptions and job requirements, including the requirement that they participate in Defendants' tip pool.

8.       Defendant Brunch, Ltd. is a corporation existing under the laws of the state of Illinois, with its principal place of business located in Illinois. Brunch, Ltd. is registered with the Illinois Secretary of State and conducts business in the State of Arizona and the State of Illinois, including this District. At all times hereinafter mentioned, Defendant Brunch, Ltd. has been and is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d) and the IMWL, 820 ILCS 105/3(c).

9.       Defendant BNL St. Charles Corp. d/b/a Brunch Cafe – St. Charles is a corporation existing under the laws of the state of Illinois, with its principal place of business located in St. Charles, Illinois. BNL St. Charles Corp. d/b/a Brunch Cafe – St. Charles is registered with the Illinois Secretary of State and conducts business in the State of Illinois, including this District. At all times hereinafter mentioned, Defendant BNL St. Charles Corp. d/b/a Brunch Cafe – St. Charles has been and is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d) and the IMWL, 820 ILCS 105/3(c).

10.      Defendant Andrew Zatos is an owner and operator of Brunch. At all relevant times, Andrew Zatos was involved in the day to day business operation of Brunch, and had the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on corporate checking accounts, including payroll accounts, and the authority to make decisions regarding wage and hour classifications, employee compensation, employee timekeeping and capital expenditures. At all relevant times, Andrew Zatos acted and had responsibility to act on behalf of Brunch in devising, directing, implementing and supervising the wage and hour practices and policies relating to hourly-paid employees, including those challenged

3

in this action. As such, at all times hereinafter mentioned, Defendant Andrew Zatos has been and is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d) and the IMWL, 820 ILCS 1-5/3(c).

11.     Defendant Ted Zatos is an owner and operator of Brunch. At all relevant times, Ted Zatos was involved in the day to day business operation of Brunch, and had the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on corporate checking accounts, including payroll accounts, and the authority to make decisions regarding wage and hour classifications, employee compensation, employee timekeeping and capital expenditures. At all relevant times, Ted Zatos acted and had responsibility to act on behalf of Brunch in devising, directing, implementing and supervising the wage and hour practices and policies relating to hourly-paid employees, including those challenged in this action. As such, at all times hereinafter mentioned, Defendant Ted Zatos has been and is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d) and the IMWL, 820 ILCS 1-5/3(c).

12.     At all material times, Defendants were an "enterprise engaged in commerce" within the meaning of the FLSA. 29 U.S.C. § 203(s).

## FACTUAL BACKGROUND

13.     Defendants operate eight (8) restaurant locations throughout Illinois and Arizona.

14.     The Representative Plaintiff and those she seeks to represent are current and former tipped employees of Defendants working as servers. Defendants paid these employees sub-minimum hourly wages under the tip-credit provisions of the FLSA and IMWL. These provisions permit employers of "tipped employees" to pay wages of less than the minimum wage, provided employers comply with all other requirements of the tip-credit provisions.

4

15.     Defendants violated the tip credit provisions of the FLSA and IMWL by requiring their servers to participate in a mandatory, involuntary and invalid tip pool which was operated and controlled by management. Under Defendants' tip pool, Defendants improperly collected and maintained a percentage of servers' tips for their own benefit.

16.     Defendants calculated the amount collected and maintained by applying a fixed percentage to each servers' gross sales, thereby significantly reducing each servers' daily tips by an inflated amount.

17.     As a result of Defendants' improper use of the tip credit provisions of the FLSA and IMWL, Defendants paid regular compensation to the Representative Plaintiff and the persons she represents based on an incorrectly low regular rate of pay.

## FLSA COLLECTIVE ACTION ALLEGATIONS

18.     The FLSA allows employers to pay less than minimum wage to employees who receive tips. 29 U.S.C. § 203(m). In doing so, an employer may take a "tip credit," which allows employers to include an amount that an employee receives in tips into their calculation of tipped employees' wages. *Id*.

19.     To apply a tip credit toward an employee's minimum wage under the FLSA, an employer must first satisfy several notice conditions, including informing its tipped employees of all of the following: (1) the employees' hourly wage; (2) the amount of credit that the employer will use towards its minimum wage obligation; (3) that the tip credit an employer uses cannot exceed the amount of tips employees actually receive; (4) that tipped employees are entitled to keep all of their tips, except when the employees participate in a tip pool that includes other customarily and regularly tipped employees, only; and (5) an employer cannot take a tip credit without informing each employee of the subsection's requirements. *Id.*; *see* 29 C.F.R. § 531.59(b).

20.     Defendants violated the tip credit notice provisions of the FLSA by (1) failing to inform their tipped employees of their tip credit practices in adherence to the notice requirements under 29 U.S.C. § 203(m), and (2) failing to inform their tipped employees of these tip credit practices *before* taking a tip credit on their obligation to pay the minimum wage.

21.     Defendants violated the tip credit provisions of the FLSA by requiring their servers to participate in an invalid tip pool, whereby Defendants improperly collected and maintained a percentage of servers' tips for their own benefit.

22.     Under Defendant's mandatory tip pool, a fixed percentage was applied to each servers' gross sales. The resulting amount was subsequently deducted from each servers' tips. This established percentage increased from 2% of total sales to 3% after September 2, 2019.

23.     Plaintiff's participation in the tip pool was mandatory and imposed by Defendants as a condition of Plaintiff's employment.

24.     The FLSA requires employers to pay minimum wages for all hours worked. 29 U.S.C. § 201, *et seq*.

25.     As a result of Defendants improper use of the tip credit provisions of the FLSA, Defendants paid regular and overtime compensation to Plaintiff based on an incorrectly low regular rate of pay.

26.     At all relevant times, Defendants' failure to pay wages at the correct rate of pay was willful.

27.     Accordingly, Plaintiff brings this collective action to recover unpaid regular and overtime wages pursuant to 29 U.S.C. § 216(b) on behalf of herself and the following collective:

> All individuals who are currently or formerly employed by one or more of the Defendants as servers at any time during the three years immediately preceding the filing of the original complaint (hereinafter "the FLSA Collective").

28.     This action is properly maintainable as a collective action under 29 U.S.C. § 216(b) because:

    a.  The similarly situated putative plaintiffs are known to Defendants, are readily identifiable, and may be located through Defendants' records. They may be readily notified of this action, and allowed to opt-in to this action pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid wages.

    b.  Pursuit of this action collectively will provide the most efficient mechanism for adjudicating the claims of Representative Plaintiff and members of the proposed collective.

<strong><u>IMWL CLASS ACTION ALLEGATIONS</u></strong>

29.     The IMWL allows employers to pay less than minimum wage to employees who receive tips.  820 ILCS 105/4(c).  In doing so, an employer may take a "tip credit," which allows employers to include in their calculation of tipped employees' wages an amount that an employee receives in tips not to exceed 40% of the minimum wage.  *Id.*

30.     In order to apply a tip credit toward an employee's minimum wage under Illinois law, an employer must satisfy several conditions, including providing "substantial evidence that the amount claimed … was received by the employee in the period for which the claim of exemption is made, and no part thereof was returned to the employer."  *Id.*

31.     Defendants violated the IMWL by requiring their servers to participate in an invalid tip pool which effectively returns tips to the employer Defendants.

32.     Under Defendants' mandatory tip pool, Defendants improperly collected and maintained a percentage of servers' tips, for Defendants' own benefit.

7

33.     Plaintiff's participation in the tip pool was mandatory and imposed by Defendants as a condition of Plaintiff's employment.

34.     The IMWL requires employers to pay employees minimum wages for all hours worked.  820 ILCS 105/4, *et seq.*  Section 105/12(a) provides that employers who violate the provisions of the IMWL are liable to affected employees for unpaid wages, costs, attorney's fees, damages of 5% of the amount of any such underpayment for each month following the date of underpayments and other appropriate relief.  820 ILCS 105/12(a).

35.     As a result of Defendants' improper use of the tip credit provisions of the IMWL, Defendants paid regular compensation to Plaintiffs based on an incorrectly low regular rate of pay.

36.     Accordingly, Plaintiff brings her claims for relief individually and as a class action pursuant to Rules 23(a) and (b) of the Federal Rules of Civil Procedure.  The IMWL class is defined as:

> All individuals who are currently or formerly employed by one or more of the Defendants as servers in Illinois at any time during the three years immediately preceding the filing of the original complaint (hereinafter "the IMWL Class").

37.     This action is properly maintainable as a class action under Rules 23(a) and (b) because:

a.  The class is so numerous that joinder of all members is impracticable;

b.  There are questions of law or fact that are common to the class;

c.  The claims or defenses of the Representative Plaintiff are typical of the claims or defenses of the class; and,

d.  The Representative Plaintiff will fairly and adequately protect the interests of the class.

**Numerosity**

38.     On information and belief, the total number of putative class members represents over forty individuals. The exact number of class members may be determined from Defendants' payroll records.

**Commonality**

39.     There are numerous and substantial questions of law and fact common to members of the IMWL class including, but not limited to, the following:

a.   Whether Defendants properly notified their tipped employees of their tip credit practices;

b.   Whether Defendants required Plaintiff to participate in a tip pool in which her tips were improperly collected and maintained by Defendants for their own benefit and;

c.   Whether Defendants agreed not to improperly collect and maintain Plaintiff's tips for their own benefit;

d.   Whether Defendants took a "tip credit" in an amount no more than 40% of the minimum wage;

e.   Whether Defendants provide substantial evidence that no part of Plaintiff's tips was returned to Defendants;

f.   Whether Defendants failed to keep true and accurate records of the amount of tips received by Plaintiff;

g.   Whether Defendants failed to keep true and accurate records of how they collected Plaintiff's tips; and,

h.   Whether Plaintiff suffered damages and the proper measure of those damages.

40.     Plaintiff anticipates that Defendants will raise defenses that are common to the class.

41.     The damages suffered by the class members arise from the same nucleus of operative facts. Moreover, damages can be calculated by using a mathematical formula that applies to each class member.

9

## Adequacy

42. The Representative Plaintiff will fairly and adequately protect the interests of the class. She has retained experienced counsel that is competent in the prosecution of complex litigation and who have extensive experience acting as class counsel specifically for wage and hour litigation.

## Typicality

43. The claims asserted by the Representative Plaintiff are typical of the class members she seeks to represent. The Representative Plaintiff has the same interests and suffered from the same unlawful practices as the class members.

44. Upon information and belief, there are no other class members who have an interest individually controlling the prosecution of his or her individual claims, especially in light of the relatively small value of each claim and the difficulties involved in bringing individual litigation against one's employer. However, if any such class member should become known, he or she can "opt out" of this action pursuant to Rule 23.

## Superiority

45. A class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impracticable. Class action treatment will allow a large number of similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expense if these claims were brought individually. Moreover, as the damages suffered by each class member may be relatively small, the expenses and burden of individual litigation would make it difficult for the Representative Plaintiff and the class members to bring individual claims. The presentation of separate actions by individual class

members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants and/or substantially impair or impede the ability of class members to protect their interests.

**COUNT I**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**29 U.S.C. § 201,** *et seq.*
**Collective Action For Unpaid Minimum Wages**

46.     Plaintiff restates and incorporates all the above paragraphs by reference.

47.     As a result of Defendants' improper use of the tip credit provisions of the FLSA, Defendants paid regular wages to Plaintiff based on an incorrectly low rate of pay.

48.     At all relevant times, Defendants' failure to pay regular wages at the correct rate of pay was willful.

49.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and will continue to suffer lost wages and other damages.

**COUNT II**
**VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW**
**820 ILCS 105,** *et seq.*
**Class Action For Unpaid Minimum Wages**

50.     Plaintiff restates and incorporates all the above paragraphs by reference.

51.     Plaintiff is a member of a class that meets the requirements for certification and maintenance of a class action pursuant to Rules 23(a) and (b).

52.     Defendants violated the IMWL, 820 ILCS 105, *et seq.*, by regularly and repeatedly failing to properly pay regular compensation to Plaintiff.

53.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and will continue to suffer lost wages and other damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Amanda Krzyzanowski, individually and on behalf of all others

similarly situated, by and through her undersigned counsel, respectfully demands judgment against

the Defendants and in favor of Plaintiff and all others similarly situated, for a sum that will

properly, adequately, and completely compensate Plaintiff and the members of the class and

collective action for the nature, extent and duration of their damages, the costs of this action, and

as follows:

A.    Order the Defendants to file with this Court and furnish to counsel a list of all names and addresses of all tipped employees employed by Defendants who currently work or have worked for Defendants within the last three years under Count I;

B.    Authorize Plaintiff's counsel to issue notice at the earliest possible time to all current and former tipped employees employed by the Defendants during the applicable statutory period, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit under Count I;

C.    Certify a class under Count II;

D.    Appoint Stephan Zouras, LLP as class counsel under Count II;

E.    Declare and find that the Defendants committed one or more of the following acts:

    i.    Violated the Illinois Minimum Wage Law, 820 ILCS 105, *et seq.*;

    ii.    Willfully violated the Illinois Minimum Wage Law, 820 ILCS 105, *et seq.*;

    iii.    Violated the Fair Labor Standards Act, 29 U.S.C. 201, *et seq.*; and,

    iv.    Willfully the Fair Labor Standards Act, 29 U.S.C. 201, *et seq.*;

F.    Award compensatory damages, including the difference between wages paid based on an invalid tip credit and the applicable minimum wage, in an amount according to proof;

G.    Award 5% per month interest (2% before February 19, 2019) on all regular and overtime compensation due accruing from the date such amounts were due until it is paid as required by the IMWL;

H.      Award treble damages under the IMWL;

I.      Award interest on all compensation due accruing from the date such amounts were due as required by the FLSA;

J.      Award liquidated damages on all compensation due accruing from the date such amounts were due as required by the FLSA;

K.      Award all costs and reasonable attorney's fees incurred prosecuting this claim;

L.      Grant leave to amend to add claims under applicable state and federal laws;

M.      Grant leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

N.      For such further relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Date:   November 8, 2019

Respectfully Submitted,

*/s/ Ryan F. Stephan*
James B. Zouras
Ryan F. Stephan
**STEPHAN ZOURAS, LLP**
100 N. Riverside Plaza
Suite 2150
Chicago, Illinois 60606
312.233.1550
312.233.1560 *f*
rstephan@stephanzouras.com
jzouras@stephanzouras.com

Scott A. Andresen
**ANDRESEN & ASSOCIATES, P.C.**
319 Meier Street
East Dundee, Illinois 60118
(773) 572-6049 Telephone
(773) 572-6048 Facsimile
(773) 562-9078 Mobile
scott@andresenlawfirm.com

13